**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4359**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERALD VINCENT POSEY,

        Defendant - Appellant.

---

**No. 07-4360**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DONNELL O'NEIL SHANKLIN, a/k/a Pig,

        Defendant - Appellant.

---

**No. 07-4361**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ROGER JEROME BAYLOR, a/k/a Rabbit,

              Defendant - Appellant.

_____

**No. 07-4362**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

TRAVIS LUCAS,

              Defendant - Appellant.

_____

**No. 07-4363**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DAVID RAY ROY, a/k/a Pooh,

              Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.   (3:06-cr-00340-8;  3:06-cr-00340-10;  3:06-cr-00340-1; 3:06-cr-00340-4; 3:06-cr-00340-9)

- 2 -

Submitted:  February 22, 2008    Decided:  September 29, 2008

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Taylor B. Stone, BREMNER, JANUS, COOK & STONE, Richmond, Virginia; Mark Diamond, Richmond, Virginia; William E. Riley, IV, BOONE, BEALE, COSBY & LONG, Richmond, Virginia; Diane M. Abato, JOHNSON & JONES, LLP, Richmond, Virginia; Brent A. Jackson, JACKSON LAW GROUP, Richmond, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerald Vincent Posey, Donnell O'Neil Shanklin, Roger Jerome Baylor, Travis Lucas, and David Ray Roy were convicted after a jury trial of conspiracy to distribute crack cocaine due to their involvement in gang called Pound Property. Certain Defendants were also convicted of related substantive crimes. On appeal, each Defendant challenges his convictions and sentence on various grounds. We affirm in part and vacate and remand in part.

*I. POSEY*

Posey first contends that the district court erred during its instruction to the jury regarding drug quantity. Specifically, the judge instructed the jury as follows:

> The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction. The government must prove beyond a reasonable doubt, however, that a measurable amount of controlled substance was the subject of the alleged transaction or conspiracy . . . . While the government must prove the quantity involved beyond a reasonable doubt, it need not prove that the defendant was aware of or could foresee the quantity as long as the defendant knowingly and intentionally conspired to possess with the intent to distribute or to distribute the amount of cocaine base, commonly known as crack, as charged in count one. He is then responsible for the entire quantity involved, regardless of whether he knew or could foresee the quantity.

Posey asserts that this instruction is contradictory and violative of our decision in United States v. Collins, 415 F.3d 304 (4th Cir.

- 4 -

2005). In Collins, we held that individual members of a conspiracy should not be automatically attributed with the quantity of drugs distributed by the entire conspiracy but that the jury must determine the specific amount of drugs reasonably foreseeable to each individual defendant for the purpose of setting a threshold drug quantity under 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2007). Collins, 415 F.3d at 314.

Notwithstanding his argument on appeal, Posey did not object to the instruction below. Thus, we review for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. If a defendant establishes these requirements, the court's discretion is appropriately exercised when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 736.

We believe that Posey has not demonstrated plain error because he cannot show that the jury instruction given, even if it were erroneous under Collins, affected his substantial rights. To affect a defendant's substantial rights, an error "must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. Here, the jury's verdict found the conspiracy accountable for at least 50 grams of crack cocaine. Attributing

this amount to Posey, his statutory sentencing range was ten years to life imprisonment. 21 U.S.C.A. § 841(b)(1)(A). While a finding of a lesser quantity could have resulted in a lower statutory sentencing range, see 21 U.S.C.A. § 841(b)(1)(B) (providing for sentence of five years to 40 years for an offense involving five grams or more of crack cocaine); 21 U.S.C.A. § 841(b)(1)(C) (providing for sentence of not more than 20 years for a detectable amount of crack cocaine), Posey must demonstrate that the jury would not have found, beyond a reasonable doubt, that he conspired to traffic in at least 50 grams of crack cocaine, see United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001) (holding that, where uncontroverted evidence showed that the verdict would have been the same had the jury been properly instructed, the erroneous instruction was not plain error); United States v. Mojica-Baez, 229 F.3d 292, 307 (1st Cir. 2000) (considering, in determining whether substantial rights were affected, "what prospects there were that submission of the question to the jury would have resulted in a different outcome, keeping in mind the higher standard of proof required before a jury").

Here, there was clearly sufficient evidence to convict Posey of conspiring to distribute crack cocaine. To convict Posey, the Government had to prove (1) an agreement to distribute cocaine base between two or more persons, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became

part of the conspiracy. <u>United States v. Burgos</u>, 94 F.3d 849, 857 (4th Cir. 1996). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." <u>United States v. Moye</u>, 454 F.3d 390, 394 (4th Cir.), <u>cert. denied</u>, 127 S. Ct. 452 (2006). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to credit. <u>Id.</u>

The evidence at trial showed that Posey was a Pound Property runner who was addicted to and smoked crack, was supplied by the gang leaders, and participated in ongoing sales to support his habit. While there was no testimony, aside from a sale for .54 grams crack cocaine, regarding specific drug amounts that Posey dealt, Posey was involved in the conspiracy for an extended period of time, and even assuming that he only conducted similar deals ten times over the course of the years of the conspiracy, he would easily meet the five gram minimum for § 841(b)(1)(B), which carries a statutory maximum of forty years and, thus, a base offense level of 37 given Posey's career offender status (which is what Posey received). These assumptions cover only the crack cocaine specifically handled by Posey and do not even include the other

amounts that would have been reasonably foreseeable to him after he spent substantial periods of time with the gang.

Accordingly, we conclude that the evidence was sufficient to support Posey's conviction for conspiracy to distribute crack cocaine. Moreover, the evidence was overwhelming that ten grams (and likely even fifty grams) of crack cocaine distributed by the conspiracy was reasonably foreseeable to Posey. Thus, even had the allegedly erroneous instruction been correctly given, Posey would have faced an identical statutory maximum and Guidelines range. As such, any error did not affect his substantial rights. Therefore, we affirm Posey's conviction.

Next, Posey asserts that the district court erred in sentencing him as a career offender because one of his predicate convictions -- a New York conviction for criminal possession of a controlled substance, third degree -- might have been a simple possession conviction, which does not satisfy the requirements of USSG § 4B1.1. See Salinas v. United States, 547 U.S. 188 (2006) (holding that possession without manufacture, purchase, or sale of a controlled substance is not a controlled substance offense within the meaning of the career offender sentencing guidelines). Posey objected below, and the district court overruled the objection on the basis of the presentence report, which found that, under subsection (1) of N.Y. Penal Law § 220.16 (McKinney 1999), a person

is guilty of possession in the third degree when they unlawfully possess "a narcotic drug with intent to sell it."

On appeal, Posey asserts that the probation officer failed to note that he could have been convicted under subsection (8), which states that a person is guilty of possession in the third degree when they unlawfully possess "a stimulant and said stimulant weighs five grams or more," a crime which is possessory only. However, under the New York penal code, "stimulant" is defined in schedules I(f) and II(d). N.Y. Penal Law § 220.00(11) (McKinney 2006). Schedules I(f) and II(d) list many drugs such as methamphetamine and fenethylline, but do not include cocaine. Cocaine is listed under other subsections. See N.Y. Public Health Law § 3306 (McKinney 2006). Thus, since Posey's crime involved cocaine, he was not convicted under subsection (8).

When reviewing a sentence, we review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Here, the district court properly found that Posey was a career offender. Posey did not (and does not on appeal) dispute that his New York conviction involved four ounces of cocaine. As such, the only applicable subsection of the relevant statute required a finding or admission that Posey possessed the cocaine with intent to distribute it. Thus, the prior conviction

was properly considered in determining that Posey was a career offender, see USSG § 4B1.2(b) (defining controlled substance offense to include possession with intent to distribute), and the district court's finding that Posey was a career offender was not clear error.

Finally, Posey asserts that the district court viewed and applied the Guidelines as mandatory, even while giving lip service to the fact that the Guidelines are advisory. Specifically, the court stated the following at sentencing:

> Mr. Posey there's one thing I want to make sure that you understand. Unlike what you're accustomed to in Fairfax, you realize that in Federal Court I have limited discretion in these cases. The U.S. Congress sets the guidelines, and I'm pretty well required to follow them. It's unlike a state court judge that has unlimited discretion; you understand that, don't you? . . .
>
> So you are presented in one of the most unfavorable positions that a person can be in, unfortunately, Mr. Posey, and you were held responsible for all the drugs that Mr. Lucas and others sold. And that's the way the law works, unfortunately. And I realize the guidelines are high in this case, and if I were the one that was crafting the guidelines, they may be lower in your case, but my sworn duty is to follow them.
>
> And unfortunately based on what I've heard here, although I was impressed by your brother's testimony and your wife's, there is simply not enough for me to give you a downward variance. I think the guidelines in this case are appropriate based upon the law in the case, the evidence, and your prior record.

> So, Mr. Posey, having considered the U.S. sentencing guidelines as advisory only, and considering all the facts and circumstances in [18 U.S.C.A. § 3553 (West 2000 & Supp. 2007)], specifically adequate deterrence, protection of the community, and respect for the law, this Court believes that commitment to the U.S. Bureau of Prisons for a term of 360 months is adequate but not longer than necessary.

A sentencing court should first calculate the applicable Guidelines range. Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Then, the sentencing court should consider the resulting advisory Guidelines range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a), and determine whether the § 3553(a) factors support the sentence requested by either party. Id. The sentencing court may not presume that the Guidelines range is reasonable, and if it decides to impose a sentence outside the Guidelines range it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 596-97.

The appellate court reviews a sentence for reasonableness, focusing on whether the district court abused its discretion, regardless of whether the sentence imposed is inside or outside the Guidelines range. Gall, 128 S. Ct. at 597; United States v. Pauley, 511 F.3d 468, 2007 WL 4555520 (4th Cir. Dec. 28, 2007). This involves two steps: first, examining the sentence for significant procedural errors, and second, evaluating the substance of the sentence. Pauley, 2007 WL 4555520 at *5. "Substantive

reasonableness review entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. (internal quotations omitted). While the appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Id.

While Gall did not specifically overrule any case from this Circuit, the legal landscape is nonetheless altered. In Gall, the Supreme Court ruled that certain circuit courts had effectively created "an impermissible presumption of unreasonableness for sentences outside the Guidelines range" and improperly applied "a heightened standard of review to sentences outside the Guidelines range." Gall, 128 S. Ct. 595. Additionally, in another recent case, the Supreme Court held that a district court may impose a variance sentence on the basis that, in a given case, the Guidelines range fails to properly reflect the § 3553 factors. Kimbrough v. United States, 128 S. Ct. 558, 575 (2007).

We find that the district court, in this case, may have been operating under the belief that it was required to give the Guidelines range more weight than other factors, and in fact more weight than it would have liked to give them. The court stated that it was the court's "sworn duty" to follow the Guidelines and noted that, if the court had greater discretion, it would have crafted a lower sentence. While the court also stated that it

- 12 -

considered the Guidelines as advisory only, weighed the appropriate § 3553 factors, and determined that a sentence within the Guidelines' range was appropriate, it made this decision without having the benefit of <u>Gall</u> and <u>Kimbrough</u>. Accordingly, we vacate Posey's sentence and remand for resentencing. We express no opinion as to an appropriate or reasonable sentence.

*II. REMAINING DEFENDANTS: SUFFICIENCY OF THE EVIDENCE*

Each of the other Defendants also argues that the evidence was insufficient to support his conviction. Keeping in mind the standards stated above, we will address each Defendant in turn.

<u>Shanklin.</u> The evidence established that Shanklin was a member of the Pound Property drug selling gang. He was supplied by Lucas, and he provided crack cocaine to lower rung members who made sales on the street. Shanklin essentially challenges the credibility of the witnesses against him and contends that some of the evidence was contradictory. However, these issues are the jury's province. Accordingly, the evidence was sufficient to support Shanklin's conviction for conspiracy to distribute crack cocaine.

<u>Baylor.</u> Baylor asserts that the evidence showed only that he sold drugs independent of the conspiracy. To the contrary, however, the evidence showed that Baylor sold consistently at the Pound Property locations and fronted cocaine to other members of

the gang.  One witness, who was involved in selling drugs for Pound Property, testified that he witnessed Baylor selling crack cocaine ten to twenty times "around by the pound" and that he had personally bought cocaine from Baylor and been fronted cocaine by Baylor.  Another witness testified that she acted as a runner at the Pound locations and that she specifically worked as a runner for Baylor.  The evidence against Baylor was sufficient to support his conviction for conspiracy to distribute crack cocaine.

Lucas.  Lucas challenges the sufficiency of the evidence supporting his conspiracy conviction, arguing that (1) the witnesses contradicted each other and (2) the witnesses were "selling their testimony for favorable treatment."  As discussed above, we do not review the credibility of witnesses, and in the case of conflicting evidence, the jury is the arbiter.

Moreover, the evidence against Lucas was overwhelming. Witnesses testified that Lucas was the gang's leader, that Lucas and Antonio Shanklin were partners in the sale of crack cocaine, that they had firearms on the premises, and that they used runners to sell large amounts of cocaine.  One witness testified about joining with Antonio Shanklin and Lucas and purchasing two kilograms of powder cocaine, cooking it into crack, and selling it. Thus, Lucas's challenge to the evidence at trial is without merit.

Roy.   First, Roy challenges his convictions for distribution of crack cocaine.  Crystal Powers testified that she

worked with the Government in two controlled buys from Roy.  In addition, there were audiotapes of the buys, and Powers confirmed that the transcripts were correct.  While Roy challenges Powers' credibility, this court does not review the jury's credibility findings.

Second, Roy asserts that the evidence was insufficient to support his conspiracy conviction.  Multiple witnesses testified that Roy was a member of Pound Property, and in fact, he was wearing the gang colors during trial.  He purchased crack cocaine from Lucas and sold it for Pound Property.  Again Roy challenges the contradictions in the testimony and the reliability of the witnesses.  The jury resolved the contradictions and chose to credit these witnesses, decisions which are not reviewable on appeal.  Accordingly, there was sufficient evidence supporting Roy's convictions.

*III. SHANKLIN:  CRACK TO POWDER RATIO.*

Shanklin asserts that the district court should have granted his motion for a variance sentence on the basis of the harshness of the Guidelines' crack cocaine/powder cocaine sentencing disparity.  In denying the motion, the district court did not specifically discuss the issue; however, the court was operating under the then-controlling Circuit precedent of United States v. Eura, 440 F.3d 625 (4th Cir. 2006), vacated, 2008 WL 59208 (U.S. Jan. 7, 2008) (No. 05-11659).  In Eura, we held that a

district court may not vary from the Guidelines sentencing range solely because of its disagreement with the crack/powder sentencing ratio.  Id. at 634.

However, the Supreme Court recently decided Kimbrough, which held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  128 S. Ct. at 575 (noting that the Sentencing Commission itself has reported that the disparity results in disproportionately harsh sentences).  Because Shanklin moved for a variance on this ground, we vacate Shanklin's sentence and remand for the district court to resentence him in light of Kimbrough.  We express no opinion on an appropriate or reasonable sentence.

*IV.  BAYLOR:  REASONABLE SENTENCE.*

Baylor first challenges the district court's refusal to depart downward where Baylor alleged that his criminal history category seriously overrepresented his criminal history. According to Baylor, he should have been in Category III rather than Category V.  However, the district court's decision not to grant a downward departure is not reviewable unless the court's refusal is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

Because Baylor does not allege that the district court misunderstood its authority, this claim is without merit.

Next, Baylor asserts that his sentence was unreasonably harsh, considering that there was no evidence that Baylor was violent or involved with more than street level dealing. We will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated advisory guideline range is entitled to a presumption of reasonableness. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). Because Baylor was sentenced at the low end of his 360 months to life advisory guidelines range, his sentence is presumptively reasonable.

Baylor does not challenge the procedural reasonableness of his sentence. The thrust of his argument is that a sentence of 240 months would serve all the same policies as his current sentence. The district court noted, however, that prior prison terms had not deterred Baylor from continued criminal activity, that Baylor was supplying other dealers, and that Baylor committed the current crime while on probation for another drug trafficking conviction. Given the district court's careful consideration, the district court did not abuse its discretion in imposing sentence.

*V. LUCAS: CONTINUANCE.*

The day before trial, Lucas signed plea agreement and a statement of facts. However, on the morning of trial, Lucas changed his mind. Counsel made a motion for a continuance, arguing that she had not been preparing for the last couple of days, believing that the case would be resolved with a plea, and that she needed extra time to prepare for the consequences of the signed statement of facts. The district court denied the motion, noting that counsel had been preparing for over two months prior to the aborted plea. On appeal, Lucas asserts that the district court's refusal to grant a continuance violated his right to effective assistance of counsel.

A district court's denial of a motion for a continuance is reviewed for abuse of discretion. United States v. Williams, 445 F.3d 724, 738 (4th Cir.), cert. denied, 127 S. Ct. 314 (2006). An abuse of discretion in this context is "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable reason for delay'" and violates a defendant's Sixth Amendment right to counsel. Id. at 739 (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)). In order to prove an infringement of the right to effective assistance of counsel, however, "the defendant must show that the error specifically prejudiced [his] case in order to prevail." Id. (internal quotation marks and citation omitted).

A party's substantial delay is also relevant to this court's review of the denial of a motion for continuance.  See United States v. Badwan, 624 F.2d 1228, 1231 (4th Cir. 1980) (no abuse of discretion where counsel did not move for a continuance until eight days after trial date was announced).  "The later that a motion for a continuance is made, the more likely it is made for dilatory tactics; hence, it is less likely that the district court arbitrarily denied the continuance."  United States v. LaRouche, 896 F.2d 815, 824 (4th Cir. 1990).

The district court did not abuse its discretion in denying Lucas's request for a continuance made on the morning of trial.  The timing of Lucas's aborted plea and the fact that he signed a statement of facts were strictly within his power.  In addition, Lucas had over two months to prepare for trial, and continuing a consolidated criminal trial would be burdensome.  Lastly, Lucas has failed to show any prejudice; as discussed above, the evidence against him was overwhelming.  See id. at 825 ("More than a general allegation of 'we were not prepared' is necessary to demonstrate prejudice.").  Under these circumstances, the district court did not abuse its discretion in denying the request.

## VI.  LUCAS:  LEADERSHIP ADJUSTMENT

Lucas asserts that he should not have received a four-point manager/supervisor adjustment.  In district court, he did not deny that he was a leader in the conspiracy, but he

complained about the extent of the adjustment. On appeal, he attempts to portray himself as a child who could not have occupied such a position of leadership.

A district court's determination of the defendant's role in the offense is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). A four-level adjustment for role in the offense is appropriate when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a).

The district court correctly noted that several witnesses identified Lucas as a key member of Pound Property. He sold cocaine to various dealers who then used runners to sell it to the consumers. Lucas dealt with large quantities of cocaine, and he was a major supplier for the entire Pound Property distribution network. Given the testimony at trial, these findings were not clearly erroneous. Accordingly, the leadership adjustment was appropriate.

## VII. LUCAS: REASONABLE SENTENCE

Lucas contends that his life sentence is unreasonably long. However, Lucas's sentence, which was within his Guidelines range, is presumptively reasonable.[*] Lucas provides no compelling argument to overcome this presumption. Lucas possessed a firearm throughout the course of the conspiracy which involved several kilograms of crack cocaine. He was a leader in the conspiracy, and he had a long rap sheet, including convictions for second degree murder, assault, and possession of cocaine. Lucas's contentions that he was only twenty-one years old and had a lack of parenting do not compel a shorter sentence, and the district court did not abuse its discretion in declining to impose a variance sentence on these grounds. We find that Lucas's sentence was reasonable.

## VIII. ROY: PROSECUTORIAL MISCONDUCT

Finally, Roy argues that the Assistant United States Attorney entered the jury room during deliberations. The district court investigated the allegations, and the jury foreman, the security officers, and the prosecutor all confirmed that the alleged entry into the jury room simply did not occur. Roy does not contend that the district court applied the wrong legal standard or otherwise erred. Accordingly, we affirm the ruling of the district court.

* * *

---

[*]Lucas's Guidelines range was Life.

Based on the foregoing, we affirm each Defendant's convictions. We also affirm the sentences of Lucas, Baylor, and Roy. We vacate Posey's and Shanklin's sentences and remand for further proceedings consistent with this opinion. We deny Posey's pending pro se motions. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>